# JACKSON *v.* BAKER.

---

ANIMALS FERÆ NATURÆ; NEGLIGENCE; PLEADING.

1. Whoever undertakes to keep animals *feræ naturæ* in a place of public resort, is liable for injuries inflicted by such an animal on a person who is not guilty of negligence and is otherwise without fault; and it is not necessary to aver negligence on the part of the owner or keeper, as the burden is on him to disprove the implied imputation of negligence on his part.

2. The superintendent or keeper of a zoölogical park, whose duty it is, under the law, to receive and care for such animals as are sent there by his superiors in office, and who has no discretion in the premises, is not liable for injuries inflicted by an animal so sent him which afterwards escapes, in the absence of negligence on his part. (Construing Title LXXIII., U. S. Rev. Stat., U. S. Comp. Stat. 1901, p. 3742, and act of Congress of April 30, 1890, 26 Stat. at L. 78, chap. 173, U. S. Comp. Stat. 1901, p. 1248.)

3. Where one of two counts of a declaration is good and the other bad, a demurrer to the declaration must be overruled.

No. 1388.    Submitted February 3, 1904. · Decided June 8, 1904.

HEARING on an appeal (specially allowed) by the plaintiff from an order of the Supreme Court of the District of Columbia,

sustaining a demurrer to a declaration consisting of two counts, in an action to recover damages for personal injuries.

*Reversed.*

The COURT in the opinion stated the case as follows:

This cause comes up upon a demurrer filed to the declaration of the appellant, Hannah Jackson, which charges in the first count that the appellee had the custody and was the keeper of a certain wild beast of the wolf kind, in the National Zoölogical Park, and that the said wolf escaped from his custody and keeping and came upon the premises of the appellant and seriously injured her. The second count is the same as the first, except that it omits the allegation that the place of custody of the wolf was in the National Zoölogical Park, but merely recites that appellee was the keeper and had the custody of the wolf in the District of Columbia.

To the declaration and each count thereof a demurrer was filed, and the court sustained the demurrer, from which a special appeal was prayed to and allowed by this court.

*Mr. William C. Prentiss,* for the appellant:

The superintendent of the National Zoölogical Park is subject to the same rules of liability, pleading, and evidence as other keepers of wild beasts, *viz.,* that, if the animal escapes and does harm, negligence on the part of the keeper is presumed, and it is only necessary to allege and prove the keeping and the injury. 1 Hale, P. C. 430, pt. 1, chap. 33; *Spring Co.* v. *Edgar,* 99 U. S. 645; *May* v. *Burdett,* 9 Q. B. 100; *Scribner* v. *Kelly,* 38 Barb. 14, 16.

*Mr. Morgan H. Beach,* United States Attorney for the District of Columbia, and *Mr. Jesse C. Adkins,* Assistant United States Attorney, for the appellee:

1. The true ground upon which liability attaches to the keeper of a wild beast for an injury done by such animal is negligence. *Spring Co.* v. *Edgar,* 99 U. S. 645. See also *Bris-*

*coe* v. *Alfrey,* 61 Ark. 196; *Moss* v. *Pardridge,* 9 Ill. App. 490,
492; *Hayes* v. *Smith,* 62 Ohio St. 161, 182. It is the view of the
supreme court, however, that the escape of the animal and the
committing of the injury make a prima facie case of negligence,
and upon proof of those facts the burden is thrown upon the de-
fendant to disprove that implied imputation.   This is upon the
theory that the "gist of the action is the keeping of the animal
after knowledge of its mischievous propensities."    *Spring Co.*
v. *Edgar,* 99 U. S. 652, 653, 657.       .

    2.    This court will judicially notice that the appellee was
superintendent of the said National Zoölogical Park at the time
of the said alleged escape of the wolf.  1 Greenl. Ev. 16th ed.
§ 6a; *Rex* v. *Jones,* 2 Campb. 131 (Lords of the Treasury);
*Backus Portable Steam Heater Co.* v. *Simonds,* 2 App. D. C.,
297 (change in office of Commissioner of Patents); *York* v.
*Winans,* 17 How. 30 (acting Commissioner of Patents); *Bul-
lock* v. *Wilson,* 5 Port. (Ala.) 342 (United States receiver of
public money); *Barton* v. *Hemplin,* 19 La. 510 (chief clerk
General Land Office); *Bennett* v. *Tennessee,* 8 Tenn. 133
(signature of Attorney General); *Fox* v. *Com.* 81 Pa. 511
(alderman); *Thompson* v. *Haskell,* 21 Ill. 215 (sheriff); *Keyser*
v. *Hitz,* 133 U. S. 138 (deputy Comptroller of the Currency);
*Hawkins* v. *Thomas,* 3 Ind. App. 409 (population of city).

    3.    In *Borman* v. *Milwaukee* (93 Wis. 525, 33 L. R. A. 652,
653), a suit against the city of Milwaukee for an injury done
by animals kept in the city zoo, for the establishment of which
there does not seem to have been any statute, the court said:
"Certainly it was not unlawful for the defendant, following the
example of other metropolitan cities, to keep and maintain such
animals in a proper enclosure."    See also Cooley, Torts, 348–
350, 2d ed. 410–412.

    Mr. Chief Justice CLABAUGH, of the Supreme Court of the
District of Columbia (who sat with the court in the hearing of
this cause in the absence of Mr. Chief Justice ALVEY), delivered
the opinion of the Court:

From the statements of counsel, made in the argument before us, it is evident that the lower court based its decision upon a *concessum* that the appellee was the superintendent of the National Zoölogical Park, and as such officer was the keeper of and had the custody of the wolf. And the real question argued was, Was it necessary, under such circumstances, to allege that the wolf escaped through the negligence of the appellee. There is nothing in the record, however, to show that such was the contention, and we are therefore compelled to decide the case upon the record as we find it.

It is manifest that the demurrer ought not to have been sustained, for, says Mr. Justice Clifford, in the case of *Congress & E. Spring Co.* v. *Edgar,* 99 U. S. 651, 25 L. ed. 487:

"Animals *feræ naturæ,* as a class, are known to be mischievous, and the rule is well settled that whoever undertakes to keep such an animal in places of public resort is or may be liable for the injuries inflicted by it on a party who is not guilty of negligence, and is otherwise without fault. * * * And it is an established rule of pleading that it is not necessary to aver negligence in the owner or keeper, as the burden is upon the defendant to disprove that implied imputation."

It is therefore clear that the order sustaining the demurrer must be reversed. Inasmuch, however, as the real question argued was as to the first count, we do not think we ought simply to reverse without expressing our views upon the other question, and thus save any necessity of compelling the question to be again raised by an appeal in this case.

The National Zoölogical Park was established by act of Congress and an appropriation made, and the reasons assigned for its establishment were: "For the advancement of science and the instruction and recreation of the people." By a further act of Congress, approved April 30, 1890 (26 Stat. at L. 78, chap. 173, U. S. Comp. Stat. 1901, p. 1248), the said park was placed under the direction of the regents of the Smithsonian Institution, who were "authorized to transfer to it any living specimens, whether of animals or plants. * * * And to administer

the said Zoölogical Park for the advancement of science and the instruction and recreation of the people."

In the act incorporating the "Smithsonian Institution " (Title LXXIII. of U. S. Rev. Stat., U. S. Comp. Stat. 1901, p. 3742), Congress clearly indicated that it was to be regarded and held as one of the public institutions of the government, and, as we have seen, it was under the board of regents of this institution that the direction of the National Zoölogical Park was placed. The board of regents under the authority vested in it by Congress had the power of appointment of the officers of the National Zoölogical Park, and, in pursuance of that power, the appellee was appointed its superintendent, and hence a public official of whose position the court would take judicial notice. The question, therefore, presented is: "Is the superintendent of this park prima facie guilty of negligence upon the statement made in the declaration ?" It must be remembered that the regents of the Smithsonian Institution have power and authority to send such animals to the park as the regents may deem proper. It is necessarily the duty of the superintendent of the park to receive them. He has no discretion in the matter, and for the purpose of carrying out these and other provisions Congress annually makes appropriations.

Is, then, the appellee responsible for the injury done by a wild animal placed in his care at the Zoölogical Park, irrespective of negligence on his part ? In the case cited above, 99 U. S. 645, 25 L. ed. 487, Mr. Justice Clifford, cites with approval the statement of Lord Denman, "that the gist of the action is the keeping of the animal after knowledge of its mischievous propensities," and, therefore, it followed, "whoever keeps an animal accustomed to attack and injure mankind, with knowledge that it is so accustomed is prima facie liable in an action on the case, * * * without any averment of negligence." The reasoning to us is clear, but we do not think it applies to a case in which the keeping is not only made lawful but obligatory. In the case at bar the appellee is the superintendent of the Zoölogical Park; it becomes his duty to receive under the law any animals that the regents of the Smithsonian Institution may direct to be placed

in the said park; therefore the keeping of the animals is his lawful duty and obligation, and the law will not hold him responsible for an injury inflicted by an animal, except the injury has been occasioned through the negligence of the appellee.

We have thus indicated our views for the reasons heretofore assigned, but, inasmuch as the record shows an error had been committed in sustaining the demurrer to the second count of the declaration, the judgment is reversed, with costs, and the cause is remanded for further proceedings according to law.

*Reversed.*